**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  13-cv-03075-CMA-KMT

LARRY SHEPHERD,

    Plaintiff,

v.

AMERICAN NUMISMATIC ASSOCIATION, INC., a District of Columbia Corporation,
RONALD SIRNA, an individual,
THOMAS HALLENBECK, an individual,
KIMBERLY KIICK, an individual,
JAY BEETON, an individual, and
J.P MARTIN, an individual,

    Defendants.

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**

    The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3. "CONFIDENTIAL" information covered under the terms of this protective order shall include documents, materials and/or information produced by either Larry Shepherd ("Plaintiff") or Defendants American Numismatic Association, Ronald Sirna, Thomas Hallenbeck, Kimberly Kiick, Jay Beeton and J.P. Martin, (collectively known as "Defendants"), or any of Defendant American Numismatic Association's agents or representatives, when designated as "CONFIDENTIAL" as provided herein, that include proprietary and/or confidential information not publicly available, which implicate a privilege or legitimate privacy interest.

As a condition of designating documents "CONFIDENTIAL," the documents must be reviewed by a lawyer of the designating party who will certify that the designation as "CONFIDENTIAL" is based on a good faith belief that the information is confidential or otherwise entitled to protection.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys working on this case;

(b) persons regularly employed or associated with the attorneys working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties and designated representatives for the entity defendants;

     (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

     (e) the Court and its employees ("Court Personnel");

     (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

     (g) deponents, witnesses, or potential witnesses; and

     (h) other persons by written agreement of the parties.

  6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) or otherwise designating as CONFIDENTIAL in clear and conspicuous manner the following or other appropriate notice: "CONFIDENTIAL."

  7.  However, when the same document is within the possession of multiple parties, one party's designation of the document as "CONFIDENTIAL" does not require that an identical document already possessed by another party be treated as "CONFIDENTIAL."

  8.  Parties have entered into a Non-Waiver Clawback Agreement related to the inadvertent or unintentional disclosure by the producing party of confidential and/or privileged information. A copy of the Non-Waiver Clawback Agreement is attached as **Exhibit A**.

  9.  All depositions shall be treated as CONFIDENTIAL until expiration of thirty (30) days after the deposition. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party

may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within five (5) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within ten (10) days of the aforementioned notice. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. The duty to keep confidential any information or documents designated as confidential survives the completion of this case. Within thirty (30) days after the conclusion of this litigation, unless other arrangements are agreed upon, each document and copies thereof which have been designated as Confidential shall be stored by counsel in a manner which will preclude others, including the parties and their agents (other than undersigned counsel), from

obtaining such documents. Moreover, copies of all deposition transcripts referring to the Confidential documents shall be sealed by counsel. This Court shall retain jurisdiction over this Order, the foregoing stipulation, and the parties hereto for the purposes of enforcing said Order and stipulation and adjudicating claims of breaches thereof and administering damages and other remedies related thereto.

12. As with all court filings, the parties shall comply with D.C.COLO.LCivR 7.2 as to any request to restrict access based on this Protective Order.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DONE AND ORDERED this 31st day of January, 2014.

_____
Kathleen M. Tafoya
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 30th day of January, 2014.

| THE LAW OFFICE OF<br>RUTH I. MAJOR, P.C. | JACKSON LEWIS P.C. |
|---|---|
| *s/ Ruth I. Major*<br>Ruth I. Major<br>Jason L. Alexander<br>The Law Office of Ruth I. Major, PC<br>30 W. Monroe, Suite 1650<br>Chicago, IL 60603<br>(312) 893-7544 – Telephone<br>(312) 698-9867 - Facsimile<br>rmajor@major-law.com<br>jalexander@major-law.com<br><br>*Attorneys for Plaintiff* | *s/ Ryan P. Lessmann*<br>Ryan P. Lessmann<br>Veronica T. von Grabow<br>950 17th Street, Suite 2600<br>Denver, CO 80202<br>(303) 892-0404 – Telephone<br>(303) 892-5575 – Facsimile<br>LessmannR@jacksonlewis.com<br>Veronica.vonGrabow@jacksonlewis.com<br><br>*Attorneys for Defendants American Numismatic Association, Thomas Hallenbeck, Kimberly Kiick, Jay Beeton and J.P. Martin* |

HINSHAW & CULBERTSON LLP

*s/ Aimee Elizabeth Delaney*
Aimee Elizabeth Delaney
222 North LaSalle Street, Suite 300
Chicago, IL 60601
(312) 704-3000 – Telephone
(312) 704-3001 - Facsimile
adelaney@hindshawlaw.com

*Attorneys for Defendants Ronald Sirna*