IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13–cv–03075–CMA–KMT

LARRY SHEPHERD,

      Plaintiff,

v.

AMERICAN NUMISMATIC ASSOCIATION, INC., a District of Columbia corporation,
RONALD SIRNA, an individual,
THOMAS HALLENBECK, an individual,
KIMBERLY KIICK, an individual,
JAY BEETON, an individual, and
J.P. MARTIN, an individual,

      Defendants.

---

**ORDER AND AMENDED RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on "Defendants Kimberly Kiick's and Jay Beeton's Re-

Filed Motion to Dismiss Count I of Plaintiff's First Amended Complaint" [Doc. No. 25] and

Brief in Support ("Br.Dism.") [Doc. No. 1-69] filed originally in Case No. 13-cv-00008 in the

United States District Court for the Northern District of Illinois, Eastern Division on July 29,

2013.[1] "Plaintiff's Corrected Response in Opposition to Defendants Kimberly Kiick's and Jay

---

[1] The case was transferred to the District of Colorado on November 12, 2013 pursuant to the
Order of the Honorable Virginia M. Kendall entered on October 28, 2013.

1

Beeton's Joint Motion to Dismiss or, in the Alternative, Transfer Venue,[2] and to Dismiss Count I of Plaintiff's First Amended Complaint" was filed September 20, 2013 [Doc. No. 1-119], and the "Reply Memorandum of Law in Support of Defendants Kimberly Kiick's and Jay Beeton's Joint Motion to Dismiss or, in the Alternative, Transfer Venue and to Dismiss Count I of Plaintiff's First Amended Complaint" ("Reply") [Doc. No. 1-123] was filed on September 27, 2013.  The motion was referred to this court on December 12, 2013.

On July 16, 2014 this court filed its "Recommendation of United States Magistrate Judge [Doc. No. 83].  The "Plaintiff's Motion for Clarification or, in the Alternative, for Reconsideration of the Recommendation of United States Magistrate Judge Kathleen M. Tafoya filed July 16, 2014" [Doc. No. 84] ("Mot. Reconsider") was filed on July 18, 2014.  The court finds that the Motion for Reconsideration has merit and grants the motion insofar as the court will reconsider its Recommendation.

**Analysis**

Defendants Kimberly Kiick and Jay Beeton ("Kiick Defendants") urge dismissal of Count I, Defamation *Per Se,* of the First Amended Complaint ("Am. Compl.") [Doc. No. 5] pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiff has set forth no factual allegations supporting the claim which fall within the applicable statute of limitations.  (Br.Dism. at 7.)

In Colorado, a defamation claim must be filed within a year of the "date both the injury and its cause are known or should have been known by the exercise of reasonable diligence." *Burke v. Greene,* 963 P.2d 1119, 1121 (Colo. App. 1998) (citing Colo. Rev. Stat. § 13–80–

---

[2] All arguments regarding venue and transfer are now moot, the case having been transferred to Colorado.

108(1)).  *See also Maiteki v. Marten Transportation Ltd.*, --- F. Supp. 2d ---, 2013 WL 6355923, at *5 (D. Colo. Dec. 4, 2013).  The cause of action accrues when the defamatory statements are published.  *Russell v. McMillen*, 685 P.2d 255, 258 (Colo. App. 1984).

Although affirmative defenses must generally be pled in a defendant's answer, not argued on a motion to dismiss, *see* Fed. R. Civ. P. 8(c), there are exceptions where the facts establishing the affirmative defense are apparent on the face of the complaint.  *Dummar v. Lummis,* 543 F.3d 614, 619 (10th Cir. 2008) (although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face of the complaint); *Miller v. Shell Oil Co.,* 345 F.2d 891, 893 (10th Cir. 1965) ( "Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule."); *Harp v. Dep't of Human Servs., Colo. Mental Health,* 932 F. Supp. 2d 1217, 1236 (D. Colo. 2013).  In fact, scholars have opined that the statute of limitations bar is the affirmative defense most likely to be established by the uncontroverted facts in the complaint.  *See* 5 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, RICHARD L. MARCUS & ADAM N. STEINMAN, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1277 (3d ed. 2014).

Courts in this Circuit routinely decide issues relating to statutes of limitations on motions to dismiss. *See, e.g., Jackson v. Standifird*, 463 F. App'x 736, 737 (10th Cir. 2012) ("Dismissal of a claim as time-barred is treated as a dismissal for failure to state a claim); *Yoder v. Honeywell Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997) (same).  When a party has asserted a statute of limitations issue in a rule 12(b)(6) motion, the court accepts all well-pled factual allegations in

the complaint as true and views them in the light most favorable to the plaintiff to determine whether the statute of limitations has run. *See Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008); *Anderson Living Trust v. WPX Energy Prod., LLC*, --- F. Supp. 2d. ---, 2014 WL 2750652, at * 21 (D.N.M. May 16, 2014).  Further, dismissal of claim as time-barred should be with prejudice. *Womble v. Salt Lake City Corp.*, 84 F. App'x 18, 20–21 (10th Cir. 2003).

If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6). *Lee v. Rocky Mountain UFCW Unions & Emp'rs Trust Pension Plan*, No. 92–1308, 1993 WL 482951 (10th Cir. Nov. 23, 1993)("Because the critical dates appeared plainly on the face of [Plaintiff's] complaint, we conclude that the statute of limitations defense was properly raised and resolved in the Rule 12(b) context.").

Plaintiff filed his First Amended Complaint on May 24, 2013, which, for the first time, set forth his defamation *per se* claim against the Kiick Defendants.  Plaintiff claims that he was defamed by the Kiick Defendants in August 2011 during a convention held in Chicago, Illinois. (Am.Compl. ¶¶ 46-47, 53-54.)  Further, Plaintiff claims that the defamatory statements in the memorandum Kiick and Beeton allegedly created (*id.* ¶ 26) were used, in part, to justify his termination, which he claims occurred on August 20, 2011.[3]  (*Id.* ¶¶ 26, 42, 46-47, 50.)  Plaintiff specifically alleges

---

[3] The official letter of termination to Plaintiff was dated September 20, 2011; however using this date as the last date of defamatory statements uttered for the purpose of terminating Plaintiff

> During the week of August 16, 2011, Board members passed the [Kiick
> Defendants'] memorandum around to Chicago convention attendees and Ms.
> Kiick and Mr. Beeton later distributed it among ANA's staff.  Within a week, the
> defamatory statements were widespread among the numismatic community and
> had even been posted on several popular numismatic websites."

(*Id.* ¶ 46.)

A case may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished."  *Torrez v. Eley*, 378 F. App'x 770 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)).  Given that the First Amended Complaint was filed on May 24, 2013, in order to be within the statute of limitations, factual events supporting the claim of defamation *per se* in Count I against the Kiick Defendants must have occurred on or after May 24, 2012.  As to the Kiick Defendants, Plaintiff asserts that the alleged defamatory statements were uttered for the purpose of terminating Plaintiff's employment and therefore must have been published on or before September 20, 2011.  (Am.Compl. ¶ 26.)  On the face of the First Amended Complaint, Plaintiff states that the Kiick Defendants made defamatory statements on August 16, 2011, through the week of the convention, and up to one week after the conclusion of the convention.  (*Id.*)

Under these facts and circumstances, this court originally found that the Plaintiff had presented "no evidence whatsoever indicating that any alleged defamatory statement by the Kiick Defendants would have continued past the termination of Plaintiff from the American Numismatic Association" and thereafter recommended that the defamation *per se* claim in Count

---

from his employment does not change the analysis herein, as the date is still long outside the applicable limitations period.

I of the First Amended Complaint against Kiick and Beeler be dismissed with prejudice as time barred.  (Rec. at 5.)

In the motion for reconsideration, the Plaintiff alerted the court to previously unknown facts which first came to his attention in mid-June, 2014 and during the July 2014 deposition of Jeff Shevlin, Executive Director of the ANA from June 18, 2012 through April of 2013. According to Plaintiff's paraphrasing of Mr. Shevlin's testimony,

> Kiick and Beeton approached him [Shevlin] after he began his employment and began disclosing to him the defamatory statements that they had made regarding Mr. Shepherd in the memorandum distributed at the Chicago convention in 2011. Although Mr. Shevlin could not recall specifically which of the defamatory comments were made by Mr. Beeton, he specifically recalled that several of the statements were made by Ms. Kiick, including the allegation that Mr. Shepherd was having an affair with a woman working for the ANA, the organization that he was at that time responsible for overseeing while serving as the Executive Director, and that he had improperly purchased luggage for her using ANA funds.

(Mot. Reconsider ¶6.)  Obviously, this testimony, if true, is counter to the court's finding that no evidence existed which supported a theory that Defendants Kiick and Beeton were uttering the same or similar alleged defamatory statements subsequent to Mr. Shepherd's firing in September 2011.  The alleged new activity of Defendants Kiick and Beeton, however, occurred in or near June 2012 when Mr. Shevlin began his employment with the ANA and therefore would be within the statute of limitations.  While this fact does not save the allegations in Count I from the limitations defect addressed herein, there is the possibility that the Shevlin information could have ramifications in other ways.  Therefore, this court changes its previous recommendation

and now recommends that the defamation *per se* claim in Count I against Kiick and Beeler be dismissed without prejudice. [4]

      **WHEREFORE**, for the foregoing reasons, I respectfully **RECOMMEND** that

      "Defendants Kimberly Kiick's and Jay Beeton's Re-Filed Motion to Dismiss Count I of Plaintiff's First Amended Complaint" [Doc. No. 25] be **GRANTED** and that the defamation *per se* claim in Count I against Kiick and Beeler be dismissed without prejudice.

      It is further **ORDERED**

      "Plaintiff's Motion for Clarification or, in the Alternative, for Reconsideration of the Recommendation of United States Magistrate Judge Kathleen M. Tafoya filed July 16, 2014" [Doc. No. 84] is **GRANTED** insofar as the court has reconsidered its prior Recommendation. This court's Recommendation [Doc. No. 83] is **WITHDRAWN**.

---

[4] This court notes that Plaintiff has filed "Plaintiff's Motion for Leave to File Second Amended Complaint" [Doc. No. 95]  This motion has not been fully briefed or considered by the court. Whether the Plaintiff will be allowed to amend and file his Second Amended Complaint is not addressed in this Order and Recommendation and the granting of the Motion to Reconsider does not suggest an outcome of that motion to amend.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dates this 27th day of August, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge