IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03075–CMA–KMT

LARRY SHEPHERD,

    Plaintiff,

v.

AMERICAN NUMISMATIC ASSOCIATION, INC., a District of Columbia corporation,
RONALD SIRNA, an individual,
THOMAS HALLENBECK, an individual,
KIMBERLY KIICK, an individual,
JAY BEETON, an individual, and
J.P. MARTIN, an individual,

    Defendants.

---

# ORDER

---

This matter is before the court on "Plaintiff's Submission of Fees Pursuant to Order of the Court" [Doc. No. 190] ("Fee Submission").

On September 16, 2014, this court heard oral argument on "Plaintiff's Motion for Leave to Amend the Scheduling Order to Depose Michael Ellis" [Doc. No. 116], finding as follows

> The court finds the Defendants' objection to the deposition of this witness to be wholly frivolous and groundless. Therefore, Plaintiff is awarded reasonable costs, including attorney fees, incurred in the preparation and presentation of the motion. Plaintiff is directed to submit an accounting on or before September 23, 2014. Any response or objections to the reasonableness of the amount claimed shall be filed on or before October 7, 2014.

(Minutes [Doc. No. 160] at 2). Plaintiff's submission regarding fees and costs was filed as required on September 23, 2014, requesting a total award of $3,340.00. Defendants filed no response and no objection to either the original award of sanctions or to the amount claimed by Plaintiff's counsel. Even in the face of acceptance by the sanctioned party, however, the court must still assess whether the requested fees and costs are reasonable under the circumstances.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended . . . multiplied by a reasonable hourly rate" which will result in what is commonly called the loadstar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id*. "To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)

The party seeking an award of fees should submit specific evidence supporting the hours worked and rates claimed. *Hensley*, 461 U.S. at 433. The Tenth Circuit has noted that "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). "A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id*.; *see also Robinson*, 160 F.3d at 1281 ("a district court may discount requested

attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks.' ") (quotation omitted).

Once the court has adequate time records before it, it must then ensure that the attorneys requesting fees have exercised reasonable billing judgment under the circumstances of the case. *Id*. "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Id; see also Hensley*, 461 U.S. at 434, 437 (counsel are expected to exercise their billing judgment, "mak[ing] a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.")

When a court examines the specific tasks listed by an attorney claiming fee reimbursement, the court must first determine if the fees are properly chargeable under the circumstances of the case and then whether the number of hours expended on each task is reasonable. *Id*. Among the factors to be considered are: (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers. *Robinson*, 160 F.3d at 1281. "In this analysis, [the court should] ask what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." *Id*.

The Tenth Circuit has also opined that "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203

(10th Cir. 1986) (reduction in fees appropriate due to inexperience of an attorney which led to over-billing).

Included in the billing is 4.5 hours of work for Ruth Major at an hourly rate of $425.00 for a total of $1,912.50. Also participating in the production of the motion and reply and the court hearing were attorney Eunice Chun, an associate who performed 3.4 hours of work while billing at a rate of $250.00 per hour for a total of $850.00 and 2.1 hours of work by attorney Jason Alexander, a more senior associate whose billing rate is $275.00 per hour, for a total of $577.50. Although Ms. Major's billing rate is higher than most attorneys in the Denver, Colorado area, I find the rate is justified based upon the experience and accomplishments of Ms. Major in her field. (Fee Submission, Ex. A.) Additionally, the law firm employing all three attorneys is located in Chicago, Illinois where billing rates historically are higher than those for attorneys in the Denver area. The billing rates of Mr. Alexander and Ms. Chun are comparable to other attorneys in the Denver area who are experienced in employment law.

In assessing the reasonableness of the hours billed, the court finds that the one hour time block spent by Ms. Major on September 12, 2014 to review and revise the Reply filed by Mr. Alexander is not reasonable. Mr. Alexander, who submitted billings for his own review of the work of Ms. Chun, should not have needed extensive review. Otherwise the court finds the number of hours spent to prepare and present the motion are reasonable and supportable.

It is therefore **ORDERED**

"Plaintiff's Submission of Fees Pursuant to Order of the Court" [Doc. No. 190] is ACCEPTED in part by this court and Plaintiff is hereby awarded sanctions against the

Defendants (except **not** against Defendant Sirna)[1] in **the total amount of $2,915.00.** The Defendants, with the exception of Defendant Sirna, shall submit payment in full to Plaintiff's counsel, The Law Offices of Ruth I. Major, P.C., on or before November 1, 2014.

Dated this 15th day of October, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[1] Defendant Ronald Sirna is not included in the group against which sanctions were awarded by the court.